UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD LYNN GIPSON,<br><br>      Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>      Respondent. | No. 2:15-cv-0841 AC P<br><br>ORDER |

      Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      In the petition, petitioner indicates that he is challenging the same conviction that he is challenging in Gipson v. Sherman, USDC EDCA No. 2:14-cv-01412 AC (Gipson I).[1] ECF No. 1 at 3. Gipson I is currently stayed pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), to allow petitioner to exhaust his unexhausted claims which included the claims petitioner is attempting to pursue in the instant petition. See Gipson I ECF Nos. 1, 12. Upon exhaustion of those claims in state court, petitioner was to notify the court in Gipson I and file an amended petition containing the newly exhausted claims within thirty days of his receipt of the state Supreme Court's decision. Gipson I ECF No. 12 at 3. Instead, petitioner has filed the instant

---

[1] Gipson I is also before the undersigned.

1

1  petition in which he indicates that his previously unexhausted claims remain unexhausted. ECF
2  No. 1 at 6-7, 12.

3  Petitioner was not granted a stay in Gipson I so that he could pursue his unexhausted
4  claims in a separate federal action.  He was granted a stay to pursue exhaustion of those claims in
5  state court, which he does not appear to have done.  In the event the petition incorrectly reflects
6  the exhaustion status of the claims therein, then the petition should be construed as a motion to
7  amend the petition in Gipson I.  Woods v. Carey, 525 F.3d 886, 888-90 (9th Cir. 2008) (holding
8  that petitioner's second pro se habeas petition was not successive under § 2244 and should instead
9  be construed as a motion to amend because it was filed while his previous petition was still
10 pending before the district court).

11 Petitioner will be required to file a notice advising the court whether he has exhausted the
12 claims contained within the petition in state court.  If petitioner has not exhausted his claims, the
13 petition will be denied for failure to exhaust state remedies.  28 U.S.C. § 2254(b)(1).  If petitioner
14 has exhausted his state remedies, the petition will be construed as a motion to lift the stay and
15 amend the petition in Gipson I.

16 Accordingly, IT IS HEREBY ORDERED that within thirty days of the filing of this order,
17 petitioner must file a notice with the court advising whether he has exhausted his state court
18 remedies for the claims in the petition. Petitioner should attach copies of his state court petition
19 and the state court order(s) denying them.  If petitioner has not exhausted his state court remedies,
20 he must also advise whether he is still pursuing those remedies.

21 DATED: October 26, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE