1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HAROLD LYNN GIPSON,                        No.  2:15-cv-0841 AC P

12                  Petitioner,

13        v.                                    ORDER AND FINDINGS AND
                                                RECOMMENDATIONS
14   UNKNOWN,

15                  Respondent.

16

17        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254 along with a request to proceed in forma pauperis and for

19   appointment of counsel.

20        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford

21   the costs of suit.  ECF No. 6.  Accordingly, the request for leave to proceed in forma pauperis is

22   granted.  See 28 U.S.C. § 1915(a).

23        In the petition, petitioner indicates that he is challenging the same conviction that he is

24   challenging in Gipson v. Sherman, USDC EDCA No. 2:14-cv-01412 AC (Gipson I).[1]  ECF No. 1

25   at 3.  Gipson I is currently stayed pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), to

26   allow petitioner to exhaust his unexhausted claims, which included the claims petitioner is

27

28   _____
     [1]  Gipson I is also before the undersigned.

1    attempting to pursue in the instant petition.  See Gipson I ECF Nos. 1, 12.  Upon exhaustion of

2    those claims in state court, petitioner was to notify the court in Gipson I and file an amended

3    petition containing the newly exhausted claims within thirty days of his receipt of the state

4    Supreme Court's decision.  Gipson I ECF No. 12 at 3.  Instead, petitioner has filed the instant

5    petition in which he indicates that his previously unexhausted claims remain unexhausted.  ECF

6    No. 1 at 6-7, 12.

7        Petitioner was not granted a stay in Gipson I so that he could pursue his unexhausted

8    claims in a separate federal action.  He was granted a stay to pursue exhaustion of those claims in

9    state court, which he does not appear to have done.  In the event the petition incorrectly reflects

10    the exhaustion status of the claims therein, then the petition should be construed as a motion to

11    amend the petition in Gipson I.  Woods v. Carey, 525 F.3d 886, 888-90 (9th Cir. 2008) (holding

12    that petitioner's second pro se habeas petition was not successive under § 2244 and should instead

13    be construed as a motion to amend because it was filed while his previous petition was still

14    pending before the district court).  Petitioner was therefore directed to file a notice advising the

15    court whether he has exhausted the claims contained within the petition in state court.  ECF No.

16    8.  He was further advised that if he had not exhausted his state remedies, the petition would be

17    denied for failure to exhaust.  Id.  Petitioner has filed a notice stating that he is still pursuing his

18    unexhausted claims in state court and requesting an additional ninety days, presumably to

19    complete exhaustion.  ECF No. 9.  Based on petitioner's notice, the instant action does not

20    contain any exhausted claims.  Moreover, once the claims have been exhausted in state court, the

21    appropriate course of action will be for petitioner to notify the court in Gipson I and move to

22    amend the petition in that case.  Petitioner's motion for extension will therefore be denied and the

23    undersigned will recommend[2] dismissal of this case.

24        With respect to petitioner's motion for counsel, there currently exists no absolute right to

25    appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d 453, 460 (9th

26

27    [2]  Although a form stating that petitioner consents to magistrate judge jurisdiction was filed by the

28    Clerk, the case number entered on the form appears to have been added by the Clerk and there are no other indicators on the form that the consent was intended for this case.  ECF No. 5.

1    Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of

2    the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.

3    In light of the recommendation that this case be dismissed due to plaintiff's failure to exhaust, the

4    court does not find that the interests of justice would be served by the appointment of counsel and

5    petitioner's request will be denied.

6           Summary

7           Petitioner's motion to proceed in forma pauperis (ECF No. 6) is granted.  The court will

8    recommend dismissal of the petition because petitioner has not exhausted his state court remedies

9    for any of the claims contained in this petition.  Because none of the claims have been exhausted

10   and the undersigned is recommending dismissal, petitioner's requests for additional time and

11   appointment of counsel will be denied.  Within thirty days of receiving the California Supreme

12   Court's decision on the claims in this case, petitioner must file a notice in Gipson v. Sherman, No.

13   2:14-cv-01412 AC, letting the court know that he has exhausted his remedies.  Once the claims

14   are exhausted, petitioner must move to amend the complaint in Gipson v. Sherman, No. 2:14-cv-

15   01412 AC.  He should not attempt to start a brand new case.

16          Accordingly, IT IS HEREBY ORDERED that:

17          1.  Petitioner's motion to proceed in forma pauperis (ECF No. 6) is granted.

18          2.  Petitioner's motion to appoint counsel (ECF No. 7) is denied.

19          3.  Petitioner's motion for extension (ECF No. 9) is denied.

20          4.  The Clerk of Court shall randomly assign a district judge to this action.

21          IT IS FURTHER RECOMMENDED that the petition be summarily denied for failure to

22   exhaust administrative remedies.

23          These findings and recommendations are submitted to the United States District Judge

24   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

25   after being served with these findings and recommendations, petitioner may file written

26   objections with the court.  Such document should be captioned "Objections to Magistrate Judge's

27   Findings and Recommendations."  Local Rule 304(d).  Petitioner is advised that failure to file

28   ////

3

1    objections within the specified time may waive the right to appeal the District Court's order.

2    Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3    DATED: November 30, 2015

4

5    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28